# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

Deborah S. Hunt
Clerk

100 EAST FIFTH STREET, ROOM 540
POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: April 05, 2018

Andre Deshawn Cooley
P.O. Box 3486
Grand Rapids, MI 49501

Ms. Linda S. Howell
County of Kent
Administrator's Office
300 Monroe Avenue, N.W.
Grand Rapids, MI 49503

Mr. Craig A. Paull
Kent County Michigan
300 Monroe Avenue, N.W.
Grand Rapids, MI 49503

Mr. James D. Robb
Western Michigan University
Thomas M. Cooley Law School
300 S. Capitol Avenue
Lansing, MI 48933

Mr. Ron Dwayne Robinson
Michigan Attorney General's Office
3030 W. Grand Boulevard
Suite 10-200
Detroit, MI 48202

Re: Case No. 17-2245, *Andre Cooley v. Western MI Univ, et al*
Originating Case No. : 4:16-cv-13727

Dear Sir or Madam,

The Court issued the enclosed (Order/Opinion) today in this case.

        Sincerely yours,

        s/Bryant L. Crutcher
        Case Manager
        Direct Dial No. 513-564-7013

cc:  Mr. David J. Weaver

Enclosure

Mandate to issue

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

No. 17-2245

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>ANDRE DESHAWN COOLEY,<br><br>      Plaintiff-Appellant,<br><br>v.<br><br>WESTERN MICHIGAN UNIVERSITY, Cooley<br>School of Law, et al.,<br><br>      Defendants-Appellees.</td><td>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)</td><td><br><br><br>ON APPEAL FROM THE UNITED<br>STATES DISTRICT COURT FOR<br>THE EASTERN DISTRICT OF<br>MICHIGAN</td></tr>
</table>

> **FILED**
> Apr 05, 2018
> DEBORAH S. HUNT, Clerk

O R D E R

Before:  GILMAN and SUTTON, Circuit Judges.[*]

Andre Deshawn Cooley, a Michigan resident proceeding pro se, appeals a district court order granting the defendants' three separate motions to dismiss.  Cooley's claim of discrimination is based on a grade that he received on an examination at the Western Michigan University Cooley School of Law ("WMU-Cooley").  This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed.  *See* Fed. R. App. P. 34(a).

Cooley filed his complaint under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and Michigan's Persons with Disability Civil Rights Act ("PWDCRA"), alleging that he was subjected to discrimination when a law professor failed to apply the same "holistic" approach when grading one of Cooley's examinations that the professor allegedly applied to non-disabled students.  The parties do not dispute that Cooley suffers from attention deficit

---

[*] Judge Gilman and Judge Sutton act as a quorum pursuant to 28 U.S.C. § 46(d) in view of Judge Suhrheinrich's recusal.

hyperactivity disorder ("ADHD") and is thus protected as a disabled person under the ADA and the PWDCRA. Cooley received a grade of "D" on the contracts exam in question. He argued that he should have received additional points and a "C," but that the grading professor knew that his examination was contained in a lighter-colored folder and graded it differently from the rest of the examinations in that class.

Cooley appealed his grade through WMU-Cooley's appeal process, but his request to change his grade was denied. However, the professor who graded his exam, Christopher Hastings, offered to meet with Cooley and explain where he "missed points." Cooley surreptitiously recorded their conference and transcribed numerous statements that Hastings made in the conference allegedly to support his claim. Cooley accused Hastings of "admitting" to Cooley during this meeting that he had been unfair in grading Cooley's exam. Cooley presented his claims to Associate Deans Nelson Miller and Paul Zelenski as well, whom he named as additional defendants along with the president and dean of the law school, Don LeDuc (hereinafter referred to as the "law-school defendants").

When Cooley failed to get relief from the school administrators, he filed a complaint with the Michigan Department of Civil Rights ("MDCR"), which dismissed his complaint after a complete investigation. Cooley's appeal to the Kent County Circuit Court was also dismissed. Cooley then filed his complaint in the federal district court, naming all of the law school defendants, the MDCR, the governor of Michigan, the Kent County judge who dismissed Cooley's appeal, and other Kent County officials.

A magistrate judge recommended granting the defendants' motions to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and for lack of subject-matter jurisdiction under Rule 12(b)(1). Over Cooley's objections, the district court dismissed the complaint.

The district court first determined that Cooley failed to allege sufficient facts to support a claim against the "state defendants" (the governor, the MDCR, and the MDCR executive director) under the ADA because he failed to allege that he was excluded from or denied benefits by any public service, program, or activity on the basis of a disability. The court also determined

that Cooley failed to specify any disparate treatment or discrimination on the basis of his disability and that his allegations were thus insufficient to overcome the state defendants' immunity under the Eleventh Amendment. The magistrate judge determined that Governor Rick Snyder and the MDCR executive director, Agustin Arbulu, could be dismissed under 28 U.S.C. § 1915(e)(2)(B) because they enjoyed Eleventh Amendment immunity as well. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 63 (1989).

Regarding the law-school defendants, the district court determined that the school and its faculty were entitled to great deference in making judgments as to a student's academic performance. *See Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 225 (1985). Because Cooley admitted that WMU-Cooley had provided reasonable accommodations for testing and because he failed to present evidence supporting his claim that Professor Hastings was discriminatory in grading his test, the court concluded that Cooley failed to state valid ADA, discrimination, or Fourteenth Amendment due-process claims. Regarding the Kent County defendants (including the Board of Commissioners, Daryl Delabbio, and Judge Donald Johnston), the district court recognized Judge Johnston's judicial immunity from the suit and also determined that Cooley failed to allege any facts to state a claim against the remaining county officials.

Cooley now argues that: (1) he was subjected to disparaging treatment compared to similarly situated persons, targeting his "suspected class" with no rational basis; (2) the district court erred in concluding that no discrimination occurred; and (3) none of the defendants are immune from this suit. Because Cooley developed arguments in support of only the three issues listed above, these are the only issues preserved for appeal, and all other claims presented in his first and second amended complaints have been forfeited. *See Dillery v. City of Sandusky*, 398 F.3d 562, 569 (6th Cir. 2005).

We review de novo the district court's dismissal of a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012). To survive a motion to dismiss under this rule, Cooley's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in

the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnote omitted). However, we need not assume that all of his legal conclusions, or conclusions that appear to be stated as facts, are true as well. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (alteration in original) (quoting Fed. R. Civ. P. 8(a)(2)).

Judicial Immunity

The district court properly dismissed the claims against Kent County Chief Circuit Judge Donald Johnston because he is entitled to absolute judicial immunity for his conduct relating to the litigation of Cooley's lawsuit in state court. *See Mireles v. Waco*, 502 U.S. 9, 10 n.1, 11-12 (1991). Cooley has not suggested that the judge was acting outside of his judicial capacity or that he lacked jurisdiction over the matter. *See id.* at 11-12.

Claims Against the Law School Defendants

Title II of the ADA "forbids any 'public entity' from discriminating based on disability." *Fry v. Napolean Comty. Sch.*, 137 S. Ct. 743, 749 (2017); *see also* 42 U.S.C. §§ 12131-33. This statute provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Individuals may seek monetary damages or injunctive relief for violations of this section of the ADA. *Fry*, 137 S. Ct. at 750. To establish a prima facie case of discrimination under Title II, a plaintiff must show "that he (1) is disabled under the statutes, (2) is 'otherwise qualified' for participation in [a state or local government] program, and (3) 'is being excluded from participation in, denied the benefits of, or subjected to discrimination' because of his disability or handicap." *Gohl v. Livonia Pub. Sch. Sch. Dist.*, 836 F.3d 672, 682 (6th Cir. 2016) (quoting *G.C. v. Owensboro Pub. Sch.*, 711 F.3d 623, 635 (6th Cir. 2013)), *cert. denied*, 138 S. Ct. 56 (2017). The plaintiff must also establish that "but for" the plaintiff's disability, the discrimination would not have occurred. *Id.*

Cooley had a qualifying disability for purposes of the ADA, and WMU-Cooley is a public institution subject to the ADA requirements. *See* 42 U.S.C. § 12181(7)(j). However, Cooley failed to present any allegations that, if proven, would establish the third requirement for a prima facie ADA case. He states that his examination was placed in a differently colored folder that he believes distinguished it from the other exams and that, as a result, Professor Hastings graded it differently. Cooley argues that Hastings did not apply his normal "holistic" grading approach or read his examination twice, as he normally did with the other exams, and that this act led to Cooley receiving a grade lower than the one he should have received.

Cooley relies on statements that Hastings made during their subsequent conversation. If in fact Cooley accurately transcribed this conversation, the statements reveal a thoughtful and instructive interactive session about how Cooley could have improved his answers to specific questions on the exam and why he was not given a higher score in some areas. Contrary to Cooley's argument, Hastings did not "admit" that he made mistakes or that he graded Cooley's examination any differently from those of the rest of the class. Rather, Cooley provided his own interpretation of the examination questions, arguing that the professor should have viewed his answers differently and given him more credit. Cooley presents no other facts to substantiate his bare claims of discrimination.

Cooley sued all of the law-school defendants, including those who considered his internal appeal, based on these allegations against Hastings. As the district court found, Cooley does not allege that he was excluded from the law-school program or was denied proper accommodations for taking his exam. And his complaint that his examination was unfairly graded did not connect Hastings's grading procedure to Cooley's disability. Therefore, he failed to meet the requisite showing that "but for" his ADHD, the alleged discrimination would not have occurred, *see Gohl*, 836 F.3d at 682, and the court properly granted the motion to dismiss these claims.

To the extent Cooley claims that the defendants violated the Equal Protection Clause of the Fourteenth Amendment, he must show that he was treated "disparately as compared to similarly situated persons and that such disparate treatment" was because of his disability. *See Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) (quoting *Club Italia Soccer & Sports Org. v. Charter Township of Shelby*, 470 F.3d 286, 299 (6th Cir. 2006)).

- 6 -

Cooley failed to present any plausible allegation that similarly situated non-disabled students were subject to a different method of grading in Hastings's class.  Rather, Cooley's general "conclusory and unadorned assertions . . . are not well-pleaded, and not entitled to a presumption of truth at [the pleading] stage in the litigation." *Id.*  Cooley's equal-protection claim thus fails.

Cooley's claim that he was denied due process fails as well, because, even assuming that his grade on the exam was a liberty or property interest for purposes of protection under the Fourteenth Amendment, Cooley received a careful and deliberate review-and-appeal process after he received his grade.  *See Bd. of Curators of Univ. of Mo. v. Horowitz*, 435 U.S. 78, 82, 90 (1978) (explaining that an academic "judgment is by its nature more subjective and evaluative than the typical factual questions presented in the average disciplinary decision" and do not require a hearing of any kind).  In addition, such academic decisions by faculty members "are not readily adapted to the procedural tools of judicial . . . decisionmaking." *Id.* at 89-90.

Claims Against the Kent County Defendants and the State Defendants

Cooley's vague and unsupported claims against the Kent County and state defendants were properly dismissed as well.  As the district court noted, Cooley described no involvement by the county's board of commissioners, its county administrator, or any state or county official in excluding him from a public program based on his disability.  Moreover, none of the state or municipal actors may be "liable for a constitutional violation that never occurred." *Gohl*, 836 F.3d at 685.  Thus, to the extent that Cooley's claims against these defendants may be construed as civil-rights claims under § 1983, the district court properly dismissed them.  Contrary to Cooley's argument, the county and state officials conducted the "impartial investigation" to which he states that he was entitled, and Cooley simply disagrees with their conclusion that his evidence failed to substantiate his claim of discriminatory treatment.

Eleventh Amendment Immunity

The state defendants argue that they are immune from this suit under the Eleventh Amendment.  For the reasons previously discussed, Cooley's complaint fails to state a plausible claim against any of the state defendants under any of his legal theories.  Because Cooley's claims against the state defendants may be dismissed under Rule 12(b)(6), we will not address the issue of immunity.

Accordingly, we **DENY** Cooley's request for oral argument and **AFFIRM** the district court's order.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk